UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHA A. CLAY | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No. 10 CV 02953 |
| | ) | |
| COOK COUNTY SHERIFF'S POLICE | ) | |
| OFFICER WILLIAM WOODS, Star No. 3471, | ) | |
| COOK COUNTY SHERIFF'S POLICE | ) | |
| OFFICER MICHAEL QUINLAN, Star No. 5200, | ) | |
| COOK COUNTY SHERIFF'S POLICE | ) | |
| SERGEANT JAMES DILLON, Star No. 1068, | ) | |
| COOK COUNTY | ) | |
| | ) | Judge Matthew F. Kennelly |
|     Defendants | ) | Magistrate Judge Morton Denlow |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | **JURY DEMANDED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, Marsha A. Clay, by and through her attorneys, JON ERICKSON and MICHAEL OPPENHEIMER, complaining of the Defendants, Cook County Sheriff's Police Officers William Woods (Star #3471), Michael Quinlan (Star #5200), Cook County Sheriff's Police Sergeant James Dillon (Star #1068), and Cook County, and in support thereof states as follows:

### Introduction

1. This is a civil action seeking damages against Defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States. In sum, Defendant Officer William Woods used excessive and brutal force

when he arrested Marsha Clay. Defendants Officer Michael Quinlan and Sergeant James Dillon initiated a criminal proceeding against Ms. Clay in an attempt to cover up Defendant Officer Woods' misconduct. These Defendants also intentionally inflicted emotional distress on Plaintiff.

## Jurisdiction and Venue

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. § 1343 and 1367; the Constitution of the United States; and pendent jurisdiction for attendant state claims is invoked as provided under U.S.C., § 1367(a).

## The Parties

3. Plaintiff Marsha A. Clay is a 56 year old United States citizen who resides at 924 N. Parkside Avenue, 3rd Floor in Chicago, Illinois.

4. Defendant Sergeant Dillon and Defendant Officers Quinlan and Woods were, at the time of this occurrence, employees of the Cook County Sheriff and acted under their authority as duly-appointed police officers in Cook County at all relevant times.

5. Defendant Cook County is a municipal corporation duly incorporated under the laws of the State of Illinois, and, through the Cook County Sheriff's Office, is the employer and principal of each of the Defendant Officers. At all times relevant hereto, the Defendant Officers were acting under the color of law and within the scope of their employment with Defendant Cook County.

## Background

6. On May 28, 2008, Plaintiff Marsha Clay and members of her family observed a murder trial for her son's alleged killer, Semir Samuels, in Room 307 at the Circuit Court of

Cook County Criminal Courthouse located at 2650 S. California Avenue in Chicago, Illinois. Semir Samuels is the mother of Marsha Clay's deceased son's children.

7. The trial was a bench trial.

8. The gallery area of Room 307 is separated from the well of the courtroom by a plexi-glass wall that has plexi-glass door.

9. There was a disturbance in the courtroom gallery after the court announced its not guilty verdict.

10. Ms. Clay and her family were instructed to remain in the courtroom until Ms. Samuels' family was escorted out of the building.

11. After waiting for about half an hour, another of Ms. Clay's sons, Antwand Brown, became agitated and caused a second disturbance by entering the well of the courtroom through the door that separates it from the gallery.

12. Several Cook County Sheriff's officers entered the courtroom and after a brief struggle, arrested Mr. Brown and removed him to the lock up area behind the courtroom.

13. Ms. Clay watched from the gallery through a window as the officers handcuffed her son in Room 307, when Defendant Officer Woods grabbed her from behind.

14. Defendant Officer Woods then threw Plaintiff, a 56 year old woman, to the floor with violent force.

15. Next, Defendant Officer Woods stepped on Ms. Clay, placing the full weight of his body on top of her right knee.

16. Defendant Officer Woods then dragged Ms. Clay by her legs through the well of Room 307.

17. Defendant Officers Woods continued to drag Ms. Clay by her legs from the courtroom to the lock-up area behind the courtroom and all the way to an elevator behind the lock-up area.

18. Several Cook County Sheriff's officers, including Defendant Officer Quinlan, stood by and did nothing to stop Defendant Officer Woods or to assist Plaintiff as she was dragged by her legs across the floor of the courtroom, the lock-up area, and into an elevator.

19. Ms. Clay was held in an unknown area in the bowels of the Criminal Courthouse for one to two hours before she was taken to a hospital.

20. Plaintiff suffered a displaced right lateral tibial plateau fracture which required surgery and a full knee replacement.

21. Defendant Officers Quinlan and Woods falsely claimed that Ms. Clay struck Defendant Officer Quinlan in the throat with her closed fist on the gallery of Room 307 while he was on duty.

22. On May 29, 2008, Defendant Sergeant Dillon unlawfully and without probable cause, charged Ms. Clay with aggravated battery to a police officer in an effort to cover up the excessive force used by Defendant Officer Woods.

23. Ms. Clay had to hire a lawyer to represent her as she spent more than two years fighting a serious criminal charge though she had not committed battery against any police officer.

24. Just before Plaintiff's criminal trial was to begin, on August 16, 2010, the charge was dismissed in a manner indicative of innocence.

## COUNT 1 – 42 U.S.C. §1983:
### Excessive Force against Defendant Officer Woods

25. Plaintiff realleges and incorporates each of paragraphs 1 – 24 as though fully set forth herein.

26. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of her federal constitutional rights is liable to the injured party.

27. The actions of Defendant Officer Woods constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating her rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

28. Defendant Officer Woods inflicted physical violence upon Ms. Clay that was excessive, unnecessary, unreasonable, and grossly disproportionate to the need for action under the circumstances.

29. When he inflicted physical violence upon Ms. Clay, Defendant Officer Woods was acting "under color of state law."

30. The Defendant Officer's misconduct as described in this count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

31. As a proximate result of the above-detailed actions of Defendant Officer Woods, Plaintiff was injured, including severe pain, mental suffering, anguish, humiliation, and emotional distress.

WHEREFORE, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorney's fees and costs.

### COUNT 2 – 42 U.S.C. §1983:
**Malicious Prosecution against Defendants Sergeant Dillon and Officers Quinlan and Woods**

32. Plaintiff realleges and incorporates each of paragraphs 1 – 31 as though fully set forth herein.

33. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of her federal constitutional rights is liable to the injured party.

34. Defendant Sergeant Dillon arrested Ms. Clay on May 28, 2008 after Defendant Officers Quinlan and Woods falsely claimed Ms. Clay struck Defendant Officer Quinlan in the throat with her closed fist.

35. Defendant Sergeant Dillon then spoke with Cook County Assistant State's Attorney Joe Lattanzio on May 29, 2008 to initiate a felony charge for aggravated battery to a police officer against Ms. Clay.

36. On August 16, 2010, the Cook County State's Attorney Office dropped the charge for aggravated battery to a police officer for lack of evidence in a manner indicative of innocence.

37. Probable cause did not exist for the Defendants to begin criminal proceedings against Ms. Clay for aggravated battery to a police officer.

38. Defendants Sergeant Dillon and Officers Quinlan and Woods acted with malice because they charged the Plaintiff with a crime to cover up for Defendant Officer Woods' use of excessive force upon her.

39. The Plaintiff suffered damages as a result of the Defendants' acts.

   WHEREFORE, Plaintiff respectfully request that judgment be entered in her favor, awarding actual and compensatory damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

**COUNT 3 – State law claim:**
**Intentional Infliction of Emotional Distress against Defendants Sergeant Dillon and Officers Quinlan and Woods**

40. Plaintiff realleges and incorporates each of paragraphs 1 – 39 as though fully set forth herein.

41. The acts and conduct of Defendant Officers as set forth above were extreme and outrageous.

42. Particularly, the conduct of Defendants Sergeant Dillon and Officer Quinlan, in initiating criminal procedures against the Plaintiff in attempt to cover up the use of excessive force by Defendant Officer Woods, was reasonably calculated to cause her immense emotional distress.

43. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Ms. Clay.

44. Defendant Officers' conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

45. Said actions and conduct did directly and proximately cause Ms. Clay to suffer various severe emotional and physical problems.

WHEREFORE, Plaintiff respectfully request that judgment be entered in her favor, awarding actual and compensatory damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

## COUNT 4 – 745 ILCS 10/9-102: 
### Indemnification against Cook County

46. Plaintiff realleges and incorporates each of paragraphs 1 – 45 as though fully set forth herein.

47. Illinois law, 745 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

48. The Defendant Officers were agents of Cook County who acted within the scope of their employment in committing the misconduct described herein.

49. Plaintiff suffered injuries as a proximate cause of the misconduct of the Defendant Officers, which occurred within the scope of their employment.

WHEREFORE, should the Defendant Officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Cook County be found liable for any compensatory judgment Plaintiff obtains against said Defendant, as well as attorneys' fees and costs awarded.

Respectfully submitted,

s/ Jon F. Erickson
Jon F. Erickson

Erickson & Oppenheimer
217 N. Jefferson Street, Suite 100
Chicago, Illinois 60661

## JURY DEMAND

Plaintiff demands a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

s/ Jon F. Erickson
Jon F. Erickson