UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHA A. CLAY, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 2953 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Matthew F. Kennelly |
| COOK COUNTY SHERIFF'S POLICE | ) | |
| OFFICER WILLIAM WOODS, State no. 3471, | ) | |
| COOK COUNTY SHERIFF'S POLICE | ) | |
| OFFICER MICHAEL QUINLAN, State no. 5200, | ) | |
| COOK COUNTY SHERIFF'S POLICE | ) | |
| OFFICER JAMES DILLON, State no. 1068, | ) | |
| COOK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COME Defendants SERGEANT DILLION, OFFICER WOODS, OFFICER QUINLAN and COOK COUNTY, a body politic, through their attorney, ANITA ALVAREZ, State's Attorney of Cook County, by her assistant, Mary E. McClellan, and pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, present the following Answer to Plaintiff's First Amended Complaint:

### Introduction

1. This is a civil action seeking damages against Defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States. In sum, Defendant Officer William Woods used excessive and brutal force when he arrested Marsha Clay. Defendants Officer Michael Quinlan and Sergeant James Dillon

initiated a criminal proceeding against Ms. Clay in an attempt to cover up Defendant Officer Woods' misconduct. These Defendants also intentionally inflicted emotional distress on Plaintiff.

ANSWER: Defendants deny allegations in paragraph 1.

### Jurisdiction and Venue

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. § 1343 and 1367; the Constitution of the United States; and pendent jurisdiction for attendant state claims is invoked as provided under U.S.C., § 1367(a).

ANSWER: Defendants admit allegations in paragraph 2.

### The Parties

3. Plaintiff Marsha A. Clay is a 56 year old United States citizen who resides at 924 N. Parkside Avenue, 3rd Floor in Chicago, Illinois.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 3.

4. Defendant Sergeant Dillon and Defendant Officers Quinlan and Woods were, at the time of this occurrence, employees of the Cook County Sheriff and acted under their authority as duly-appointed police officers in Cook County at all relevant times.

ANSWER: Defendants admit Dillion, Woods and Quinlan were employed by the Sheriff of Cook County and deny the remainder of allegations in paragraph 4.

5. Defendant Cook County is a municipal corporation duly incorporated under the laws of the State of Illinois, and, through the Cook County Sheriff's Office, is the employer and principal of each of the Defendant Officers. At all times relevant hereto, the Defendant Officers

were acting under the color of law and within the scope of their employment with Defendant Cook County.

ANSWER: Defendants deny the allegations in paragraph 5 as stated.

**Background**

6. On May 28, 2008, Plaintiff Marsha Clay and members of her family observed a murder trial for her son's alleged killer, Semir Samuels, in Room 307 at the Circuit Court of Cook County Criminal Courthouse located at 2650 S. California Avenue in Chicago, Illinois. Semir Samuels is the mother of Marsha Clay's deceased son's children.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 6.

7. The trial was a bench trial.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 7.

8. The gallery area of Room 307 is separated from the well of the courtroom by a plexi-glass wall that has plexi-glass door.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 8.

9. There was a disturbance in the courtroom gallery after the court announced its not guilty verdict.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 9.

10. Ms. Clay and her family were instructed to remain in the courtroom until Ms. Samuels' family was escorted out of the building.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 10.

11. After waiting for about half an hour, another of Ms. Clay's sons, Antwand Brown, became agitated and caused a second disturbance by entering the well of the courtroom through the door that separates it from the gallery.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 11.

12. Several Cook County Sheriff's officers entered the courtroom and after a brief struggle, arrested Mr. Brown and removed him to the lock up area behind the courtroom.

ANSWER: Defendants deny the allegations in paragraph 12.

13. Ms. Clay watched from the gallery through a window as the officers handcuffed her son in Room 307, when Defendant Officer Woods grabbed her from behind.

ANSWER: Defendants deny the allegations in paragraph 13.

14. Defendant Officer Woods then threw Plaintiff, a 56 year old woman, to the floor with violent force.

ANSWER: Defendants deny the allegations in paragraph 14.

15. Next, Defendant Officer Woods stepped on Ms. Clay, placing the full weight of his body on top of her right knee.

ANSWER: Defendants deny the allegations in paragraph 15.

16. Defendant Officer Woods then dragged Ms. Clay by her legs through the well of Room 307.

ANSWER: Defendants deny the allegations in paragraph 16.

17. Defendant Officers Woods continued to drag Ms. Clay by her legs from the courtroom to the lock-up area behind the courtroom and all the way to an elevator behind the lock-up area.

ANSWER: Defendants deny the allegations in paragraph 17.

18. Several Cook County Sheriff's officers, including Defendant Officer Quinlan, stood by and did nothing to stop Defendant Officer Woods or to assist Plaintiff as she was dragged by her legs across the floor of the courtroom, the lock-up area, and into an elevator.

ANSWER: Defendants deny the allegations in paragraph 18.

19. Ms. Clay was held in an unknown area in the bowels of the Criminal Courthouse for one to two hours before she was taken to a hospital.

ANSWER: Defendants deny the allegations in paragraph 19.

20. Plaintiff suffered a displaced right lateral tibial plateau fracture which required surgery and a full knee replacement.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 20.

21. Defendant Officers Quinlan and Woods falsely claimed that Ms. Clay struck Defendant Officer Quinlan in the throat with her closed fist on the gallery of Room 307 while he was on duty.

ANSWER: Defendants deny the allegations in paragraph 21.

22. On May 29, 2008, Defendant Sergeant Dillon unlawfully and without probable cause, charged Ms. Clay with aggravated battery to a police officer in an effort to cover up the excessive force used by Defendant Officer Woods.

ANSWER: Defendants deny the allegations in paragraph 22.

23. Ms. Clay had to hire a lawyer to represent her as she spent more than two years fighting a serious criminal charge though she had not committed battery against any police officer.

ANSWER: Defendants deny the allegations in paragraph 23.

24. Just before Plaintiff's criminal trial was to begin, on August 16, 2010, the charge was dismissed in a manner indicative of innocence.

ANSWER: Defendants deny the allegations in paragraph 24.

## COUNT 1 – 42 U.S.C. §1983:
### Excessive Force against Defendant Officer Woods

25. Plaintiff realleges and incorporates each of paragraphs 1 – 24 as though fully set forth herein.

ANSWER: Defendants reincorporates their answers to paragraphs 1-24 as their answer to paragraph 25.

26. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of her federal constitutional rights is liable to the injured party.

ANSWER: Defendants admit the allegations in paragraph 26.

27. The actions of Defendant Officer Woods constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating her rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

ANSWER: Defendants deny the allegations in paragraph 27.

28. Defendant Officer Woods inflicted physical violence upon Ms. Clay that was excessive, unnecessary, unreasonable, and grossly disproportionate to the need for action under the circumstances.

ANSWER: Defendants deny the allegations in paragraph 28..

29. When he inflicted physical violence upon Ms. Clay, Defendant Officer Woods was acting "under color of state law."

ANSWER: Defendants deny the allegations in paragraph 29..

30. The Defendant Officer's misconduct as described in this count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

ANSWER: Defendants deny the allegations in paragraph 30.

31. As a proximate result of the above-detailed actions of Defendant Officer Woods, Plaintiff was injured, including severe pain, mental suffering, anguish, humiliation, and emotional distress.

ANSWER: Defendants deny the allegations in paragraph 31.

### COUNT 2 – 42 U.S.C. §1983:
**Malicious Prosecution against Defendants Sergeant Dillon, Officers Quinlan and Woods**

32. Plaintiff realleges and incorporates each of paragraphs 1 – 31 as though fully set forth herein.

ANSWER: Defendants reincorporates their answers to paragraphs 1-31 as their answer to paragraph 32.

33. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of her federal constitutional rights is liable to the injured party.

ANSWER: Defendants admit the allegation in paragraph 33.

34. Defendant Sergeant Dillon arrested Ms. Clay on May 28, 2008 after Defendant Officers Quinlan and Woods falsely claimed Ms. Clay struck Defendant Officer Quinlan in the

throat with her closed fist.

    ANSWER:    Defendants deny the allegations in paragraph 34.

35. Defendant Sergeant Dillon then spoke with Cook County Assistant State's Attorney Joe Lattanzio on May 29, 2008 to initiate a felony charge for aggravated battery to a police officer against Ms. Clay.

    ANSWER:    Defendants deny the allegations in paragraph 35.

36. On August 16, 2010, the Cook County State's Attorney Office dropped the charge for aggravated battery to a police officer for lack of evidence in a manner indicative of innocence.

    ANSWER:    Defendants deny the allegations in paragraph 36.

37. Probable cause did not exist for the Defendants to begin criminal proceedings against Ms. Clay for aggravated battery to a police officer.

    ANSWER:    Defendants deny the allegations in paragraph 37.

38. Defendants Sergeant Dillon and Officers Quinlan and Woods acted with malice because they charged the Plaintiff with a crime to cover up for Defendant Officer Woods' use of excessive force upon her.

    ANSWER:    Defendants deny the allegations in paragraph 38.

39. The Plaintiff suffered damages as a result of the Defendants' acts.

    ANSWER:    Defendants deny the allegations in paragraph 39.

## COUNT 3 – State law claim:
### Intentional Infliction of Emotional Distress against Defendants Sergeant Dillon and Officers Quinlan and Woods

40. Plaintiff realleges and incorporates each of paragraphs 1 – 39 as though fully set forth herein.

ANSWER: Defendants reincorporates their answers to paragraphs 1-39 as their answer to paragraph 40.

41. The acts and conduct of Defendant Officers as set forth above were extreme and outrageous.

ANSWER: Defendants deny the allegations in paragraph 40.

42. Particularly, the conduct of Defendants Sergeant Dillon and Officer Quinlan, in initiating criminal procedures against the Plaintiff in attempt to cover up the use of excessive force by Defendant Officer Woods, was reasonably calculated to cause her immense emotional distress.

ANSWER: Defendants deny the allegations in paragraph 42.

43. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Ms. Clay.

ANSWER: Defendants deny the allegations in paragraph 43.

44. Defendant Officers' conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

ANSWER: Defendants deny the allegations in paragraph 44.

45. Said actions and conduct did directly and proximately cause Ms. Clay to suffer various severe emotional and physical problems.

ANSWER: Defendants deny the allegations in paragraph 45.

### COUNT 4 – 745 ILCS 10/9-102:
### Indemnification against Cook County

46. Plaintiff realleges and incorporates each of paragraphs 1 – 45 as though fully set forth herein.

ANSWER: Defendants reincorporates their answers to paragraphs 1-45 as their answer to paragraph 46.

47. Illinois law, 745 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

ANSWER: Defendants admit the allegations in paragraph 47.

48. The Defendant Officers were agents of Cook County who acted within the scope of their employment in committing the misconduct described herein.

ANSWER: Defendants deny the allegations in paragraph 48.

49. Plaintiff suffered injuries as a proximate cause of the misconduct of the Defendant Officers, which occurred within the scope of their employment.

ANSWER: Defendants deny the allegations in paragraph 49.

**JURY DEMAND**
Defendants' demands a trial by jury.

## AFFIRMATIVE DEFENSES

Defendants, Dillion, Woods, Quinlan and Cook County by their attorney ANITA ALVAREZ, State's Attorney of Cook County, by and through Mary E. McClellan, Assistant State's Attorney, states the following Affirmative Defenses:

1. The Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendant Officers are entitled to the defense of qualified immunity.

2. Defendant County of Cook has no employment relationship with the Sheriff of

Cook County and therefore the Sheriff of Cook County cannot be held liable based on any policy of the County of Cook.

3. Defendant Cook County is not liable for payment of judgments for punitive or exemplary damages.

WHEREFORE, Defendants Dillion, Woods, Quinlan and Cook County respectfully requests judgment in their favor and against Plaintiffs, request that Plaintiffs take nothing, that the Defendants are awarded all fees and costs incurred in defending this claim wrongfully brought, and for all such other relief the Court deems appropriate.

                Respectfully submitted,

                ANITA ALVAREZ

                **State's Attorney of Cook County**

By:   *s/Mary E.McClellan*
       Mary E. McClellan

Mary E. McClellan
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3374
#6283486