# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARSHA A. CLAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 cv 2953 |
| | ) | |
| COOK COUNTY SHERIFF'S POLICE | ) | Judge Matthew F. Kennelly |
| OFFICERS WILLIAM WOODS, Star No. 3471, | ) | |
| MICHAEL QUINLAN, Star No. 5200, SGT | ) | Magistrate Judge Morton Denlow |
| JAMES DILLON, Star No. 1068,, JEREMY | ) | |
| TUCKER, TAWANDA WILSON, ARTHUR | ) | |
| WRIGHT, SGT MONICA RHODES, LYNETTE | ) | |
| FLOWERS, and the SHERIFF OF COOK | ) | |
| COUNTY, | ) | |
| | ) | |
| Defendants | ) | **JURY DEMANDED** |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES the Plaintiff, Marsha A. Clay, by and through her attorneys, ERICKSON & OPPENHEIMER, LTD. And JARED S. KOSOGLAD, P.C., complaining of the Defendants, Cook County Sheriff's Police Officers William Woods (Star #3471), Michael Quinlan (Star #5200), Sergeant James Dillon (Star #1068), Jeremy Tucker, Tawanda Wilson, Arthur Wright, Sergeant Monica Rhodes, Lynette Flowers, and the Sheriff of Cook County, and in support thereof states as follows:

### Introduction

1. This is a civil action seeking damages against Defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

## Jurisdiction and Venue

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. § 1343 and 1367; the Constitution of the United States; and pendent jurisdiction for attendant state claims is invoked as provided under U.S.C., § 1367(a).

## The Parties

3. Plaintiff Marsha A. Clay is a 56 year old United States citizen who resides at 924 N. Parkside Avenue, 3rd Floor in Chicago, Illinois.

4. Defendant Sergeants Dillon and Rhodes and Defendant Officers Quinlan, Woods, Tucker, Wilson, Wright, and Flowers were, at the time of this occurrence, employees of the Cook County Sheriff and acted under their authority as duly-appointed police officers in Cook County at all relevant times.

5. Defendant Sheriff of Cook County is is the employer and principal of each of the Defendant Officers. At all times relevant hereto, the Defendant Officers were acting under the color of law and within the scope of their employment with Defendant Sheriff of Cook County.

## Background

6. On May 28, 2008, Plaintiff Marsha Clay and members of her family observed a murder trial for her son's alleged killer, Semir Samuels, in Room 307 at the Circuit Court of Cook County Criminal Courthouse located at 2650 S. California Avenue in Chicago, Illinois. Semir Samuels is the mother of Marsha Clay's deceased son's children.

7. The trial was a bench trial.

8. The gallery area of Room 307 is separated from the well of the courtroom by a plexi-glass wall that has plexi-glass door. When looking into the gallery from the courtroom well, the walls are reflective mirrors and not transparent.

9. After the not-guilty, Ms. Clay and her family were instructed to remain in the courtroom until Ms. Samuels' family was escorted out of the building.

10. After waiting for approximately twenty minutes, another of Ms. Clay's sons, Antwand Brown, became agitated and caused a second disturbance in the gallery.

11. Deputies Woods and Ramos attempted to subdue Brown and the three of them tumbled through the glass doors and into the courtroom. Mr. Brown was handcuffed by Deputy Woods and Deputy Ramos and removed to the lock up area behind the courtroom.

12. Ms. Clay watched from the gallery through a window as the officers handcuffed her son in Room 307, when one of the Defendant Officers grabbed her from behind.

13. One of the Defendants then threw Plaintiff, a 56 year old woman, to the floor with violent force, which shattered her right knee.

14. One of the defendants then dragged Ms. Clay by her right ankle out into the hallway where he forced her to stand on her broken leg.

15. One of the Defendants then slung Ms. Clay over his shoulder and violently carried her from the hallway, through the gallery and courtroom and up to the 5th floor arrest room.

16. Several Cook County Sheriff's officers stood by and did nothing to stop the excessive force against Plaintif or to assist Plaintiff as she was dragged by her injured leg across the floor of the courtroom, the lock-up area, and into an elevator.

17. Plaintiff suffered a displaced right lateral tibial plateau fracture which required surgery and a full knee replacement.

18. On or about May 28, 2011, each of the individual defendants, in conspiracy with each other and others unknown, unlawfully and without probable cause caused false charges to be brought against Plaintiff for aggravated battery to a police officer in an effort to cover up the excessive force used against Plaintiff.

19. On or about May 28, 2008, each of the individual defendants, in conspiracy with each other and others unknown, entered into an agreement to frame Plaintiff for crimes they knew she did not commit.

20. The factual allegations made by the co-conspirators against Plaintiff were so vastly different from each other, that had Cook County State's Attorneys known about all of the allegations of the co-conspirators, the Cook County State's Attorneys' office never would have brought charges against Plaintiff or in the alternative would have realized they could not meet their burden of proof on account of credibility problems with the Cook County Sheriffs and would have outright dismissed the charges against Plaintiff.

21. Ms. Clay had to hire a lawyer to represent her as she spent more than two years fighting a serious criminal charge even though she had not committed battery against any police officer.

22. Based on discovery produced in the criminal case, Plaintiff's criminal attorney created a photo array of the Sheriff's Deputies in the courtroom on the date Plaintiff was injured.

23. Just before Plaintiff's criminal trial was to begin, on August 16, 2010, the aggravated battery charge was dismissed in a manner indicative of Plaintiff's innocence.

24. On and subsequent to May 28, 2008, in furtherance of the conspiracy, to cover up the excessive force, malicious nature of the charges against Plaintiff, and reconcile the factual inconsistencies of the co-conspirators, each of the individual defendants actively

concealed official reports, authored false and fraudulent reports, gave false, misleading, and perjured testimony, concealed the same from investigators at the Cook County Sheriff's Office, concealed the same from prosecutors at the Cook County State's Attorneys' Office, and concealed the same from the Plaintiff and her attorneys.

25. On August 22, 2011, the Cook County State's Attorneys' Office represented by Mary McLellelan produced to Plaintiff for the first time seven Use of Force Reports, two handwritten memorandums, two Incident Reports, and a supervisory supplemental that related to the incident between Plaintiff and Sheriff's deputies, which for the first time shed light on the existence, nature, and extent of the injuries inflicted on Plaintiff.

26. In knowing violation of their duties to provide the defendants in criminal cases of exculpatory and impeachment evidence, the individual defendants, in conspiracy with each other and others unknown, actively hid from investigators, prosecutors, and the Plaintiff material exculpatory and impeachment evidence.

27. As a direct and proximate result of the foregoing, Plaintiff was severely injured, including but not limited to severe physical injuries, and mental, emotional, and psychological injuries.

## COUNT 1 – 42 U.S.C. §1983:
### Excessive Force against the individual Defendants

28. Plaintiff realleges and incorporates each of the preceding as though fully set forth herein.

29. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of her federal constitutional rights is liable to the injured party.

30. The actions of the individual defendants constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating her rights under the

Fourth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

31. One of the individual defendants inflicted physical violence upon Ms. Clay that was excessive, unnecessary, unreasonable, and grossly disproportionate to the need for action under the circumstances.

32. When he inflicted physical violence upon Ms. Clay, that defendant was acting "under color of state law."

33. The Defendant Officer's misconduct as described in this count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

34. As a proximate result of the above-detailed actions of the individual defendant, Plaintiff was injured, including severe pain, mental suffering, anguish, humiliation, and emotional distress.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against the individual defendants, jointly and severally, for compensatory damages against defendant officers and because these defendants acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### COUNT 2 – 42 U.S.C. §1983: 
### Conspiracy to Deprive Constitutional Rights

35. Plaintiff realleges and incorporates each of the preceding as though fully set forth herein.

36. As described more fully above, the Defendants reached an agreement amongst themselves to frame Plaintiff for a crime, and to thereby deprive Plaintiff of her Constitutional rights, all as described more fully throughout this Complaint.

37. Independently, before and after Plaintiff's criminal case, each of the Defendants further conspired and continue to conspire to deprive Plaintiff of exculpatory evidence to which

she was lawfully entitled and which would have led to a more timely exoneration of the false charges, as described more fully throughout this Complaint.

38. In this manner, the Defendant Officers, acting in concert with each other and other employees of the Cook County Sheriff, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

39. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

40. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and she suffered financial damages, severe emotional distress and anguish, and a deprivation of her liberty, as is more fully alleged above.

41. The misconduct described in this Count was undertaken with malice, willfullness, and reckless indifference to the rights of plaintiff and others.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against the individual defendants, jointly and severally, for compensatory damages against defendant officers and because these defendants acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## COUNT 3 – 42 U.S.C. §1983:
### Due Process

42. Plaintiff realleges and incorporates each of the preceding as though fully set forth herein.

43. As described more fully above, all of the defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiffs of their constitutional right to due process.

44. In the manner described more fully above, the defendants deliberately withheld exculpatory evidence, as well as fabricated false reports, testimony, and other evidence, thereby misleading and misdirecting the criminal prosecution of Plaintiff. Absent this misconduct, the prosecution of Plaintiffs could not and would not have been pursued.

45. As a result of this violation of his constitutional rights, Plaintiff suffered injuries, including, but not limited to, emotional distress, deprivation of rights secured by the U.S. Constitution, and a deprivation of their liberty, as is more fully alleged above.

46. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against the individual defendants, jointly and severally, for compensatory damages against defendant officers and because these defendants acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### COUNT 4 – State Claim:
### Malicious Prosecution

47. Plaintiff realleges and incorporates each of the preceding as though fully set forth herein.

48. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute plaintiff on false charges for which they knew there was no probable cause.

49. The Sheriff of Cook County is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant Sheriff, and while acting within the scope of this employment.

50. As a direct and proximate result of the malicious prosecution, plaintiff was damaged, including the value of her lost liberty, attorneys' fees, lost work, exposure to public scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, plaintiffs demand judgment against the Sheriff and the individual defendants, jointly and severally, for compensatory damages and punitive damages, and for such other relief as this Court deems just, proper, and equitable.

## COUNT 5 – State law claim:
### Intentional Infliction of Emotional Distress

51. Plaintiff realleges and incorporates each of the preceding as though fully set forth herein.

52. The acts and conduct of Defendant Officers as set forth above were extreme and outrageous.

53. The conduct of the individual defendants was calculated to cause Plaintiff severe emotional distress or in the alternative Defendants should have known that their conduct would cause Plaintiff severe emotional distress.

54. Defendant Officers' conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

55. Said actions and conduct did directly and proximately cause Ms. Clay to suffer various severe emotional and physical problems.

WHEREFORE, plaintiffs demand judgment against the Sheriff and the individual defendants, jointly and severally, for compensatory damages and punitive damages, and for such other relief as this Court deems just, proper, and equitable.

## COUNT 6 – 745 ILCS 10/9-102:

### Indemnification against Cook County

56. Plaintiff realleges and incorporates each of the preceding as though fully set forth herein.

57. Illinois law, 745 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

58. The Defendant Officers were agents of the Sheriff of Cook County who acted within the scope of their employment in committing the misconduct described herein.

59. Plaintiff suffered injuries as a proximate cause of the misconduct of the Defendant Officers, which occurred within the scope of their employment.

WHEREFORE, should the Defendant Officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Sheriff of Cook County be found liable for any compensatory judgment Plaintiff obtains against said Defendant, as well as attorneys' fees and costs awarded.

Respectfully submitted,

s/ Jon F. Erickson
Jon F. Erickson

Erickson & Oppenheimer
217 N. Jefferson Street, Suite 100
Chicago, Illinois 60661

### JURY DEMAND

Plaintiff demands a trial by jury.

### NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

s/ Jon F. Erickson
   Jon F. Erickson